Chesnutt *v.* Frazier.

CHESNUTT, adm'r, *et als. v.* FRAZIER.

1. CHANCERY PRACTICE. *Res judicata. Order of dismissal, effect of. Vendor's lien.* A vendor of land, after judgment at law for the unpaid purchase money, instituted a chancery suit to enforce his lien, and obtained a decree fixing said lien, ascertaining the amount then due, and providing for a sale of the land. No further steps having been taken, the cause remained in this condition upon the docket seven years, when it was dismissed for want of prosecution. Afterwards the chancery district was changed, and the vendor's administrator applied to the new court, within the jurisdiction of which the land was situated, setting forth these facts and asking for a decree of sale, to which a demurrer was filed, relying upon the dismissal in the other court as a bar to the suit in this.

   *Held,* 1. That if the order of dismissal was legal, its only effect was to cut off further proceedings in the court in which it was rendered, and that it did not annul or change the rights of the party as fixed by the decree. 2. That, unlike a decree dismissing a cause upon its merits, it could not operate as a bar to a new suit, and that, conceding the order in question to have abrogated all the proceedings in the cause, the vendor's lien was still alive, and could be enforced by the new proceeding without regard to the order, and without first exhausting his remedy by execution on his judgment at law.

2. CHANCERY PLEADING AND PRACTICE. *Answer withdrawn and demurrer allowed. When.* A chancellor may, at his discretion, permit the withdrawal of an answer by a defendant and allow a demurrer.

Case cited: Lowe *v.* Morris, 4 Sneed, 69.

---

FROM HANCOCK.

---

From the Chancery Court at Sneedville.  H. C. SMITH, Chancellor.

F. M. FULKERSON for complainant.

THOMAS MCDERMOTT for defendant.

---

Chesnutt v. Frazier.

---

NICHOLSON, C. J., delivered the opinion of the court.

James P. McCarty sold to Waitman Frazier a tract of land in Hancock county, and executed a bond for title when the purchase money should be paid. Upon the failure of Frazier to make payment, Rodham Chesnutt, administrator of McCarty, recovered a judgment in the Hancock Circuit Court against Frazier for $371, the unpaid balance of the purchase money. Frazier filed his bill in the Chancery Court at Rogersville to have the amount of the judgment reduced, for alleged deficiency in the title and quantity of land.

Hancock and Hawkins then constituted a chancery district, with the court at Rogersville.

Chesnutt answered Frazier's bill, denying his allegations, and filed his answer as a cross-bill, seeking to enforce the vendor's lien for the unpaid purchase money by a sale of the land.

Upon the hearing of the cause in 1861, the Chancellor refused the relief prayed for by Frazier on his original bill, but gave to Chesnutt relief on his cross-bill, declaring a lien and decreeing a sale of the land for the satisfaction of $431, the unpaid balance. The decree for the sale of the land was never executed, and no step in the cause taken after the November term, 1861, until the March term, 1868, when the following order was made:

"In this cause, no steps having been taken for seven years, it is ordered by the court that said cause be dismissed, and that complainant pay the costs."

Afterwards, the county of Hancock was made a

chancery district, and in 1872 Chesnutt, as administrator of McCarty and his heirs and distributees, filed this bill in the Chancery Court at Sneedville, setting forth the proceedings in the Chancery Court at Rogersville, already detailed, and praying to have the land sold for the satisfaction of the lien for unpaid purchase money.

Frazier answered the bill, seeking to rely upon the grounds of his original bill, but afterwards he was allowed to withdraw his answer and to rely upon a demurrer.

It was within the discretion of the Chancellor to permit the defendant to withdraw his answer and to defend by demurrer: 4 Sneed, 69.

There was no error in allowing the defendant to rely upon a demurrer instead of an answer.

The grounds of the demurrer were, that the Chancery Court at Rogersville had complete jurisdiction of the question involved in the present bill; that a final decree was rendered in that cause, by which Chesnutt obtained the relief prayed for; and that afterwards the court dismissed the cause for want of prosecution, whereby an end was put to said cause and all proceedings had therein, abrogating, annulling and making void every order, judgment and decree pronounced in the cause from the beginning, as though no suit had ever been brought; and that hence complainant has no judgment of any force which can be made the basis of his present bill.

The Chancellor sustained the demurrer and dismissed the complainant's bill, from which decree he has appealed.

The decree in the Chancery Court at Rogersville ascertained the amount of the unpaid purchase money for the land, declaring a lien thereon for its satisfaction, and ordering a sale to be made by the clerk and master. The court had complete jurisdiction of the parties and of the land, which was situated in the chancery district as it then stood. The question is, what was the legal effect of the order of court, made in 1868, dismissing the case for want of prosecution? It is well settled that a decree dismissing a bill upon its merits, is conclusive until reversed, and is a good plea in bar to a second bill for relief on the same subject-matter: 2 Danl. Ch. P., 1010; 2 Story Eq., 1523.

But the dismissal in the present case was not the decree of the court upon the merits, but a striking of the cause from the docket because the complainant had failed to appear and ask the enforcement of the decree. If it be conceded that the Chancellor could legally make such an order, it does not follow that the judgments, orders and decrees in the cause were thereby abrogated and annulled. The only effect of the order was to turn the complainant out of court and to cut him off from proceeding in that court to enforce the rights fixed in his favor by the decree, but it could have no effect to divest or annul the rights vested by the decree. The decree ascertaining the amount of his unpaid purchase money, and declaring this amount to be a lien on the land, could not be affected by the order dismissing the cause from the docket. The order does not purport to do more

than to dismiss the cause, and to order execution against the complainant in that cause for the costs. But even if the effect of the dismissal of the cause was to abrogate and annul the decree, the vendor's lien would still remain in full force, and might be enforced without regard to the decree in the case in the Rogersville Chancery Court, as complainant seeks to do by his amended bill. He had a judgment in the Circuit Court of Hancock county for the balance of his purchase money, he had retained the legal title to the land, and could proceed to enforce his lien without exhausting his remedy by execution on his judgment at law.

It follows that the demurrer to the original and amended bills was erroneously sustained. The decree sustaining the demurrer and dismissing the bills is reversed and the cause remanded for further proceedings. The costs of this court will be paid by defendant.